# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE MURRIETA,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONS OFFICER A. HANSEN, and CORRECTIONS OFFICER HIGHTOWER,<br><br>    Defendants.<br>_____/ | Case No. 1:16-cv-01552-SKO<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE**<br><br>(Docs. 33 & 34) |

The Court conducted a hearing on the parties' Motions in Limine on October 25, 2017. Plaintiff Catherine Murrieta ("Plaintiff" or "Plaintiff Murrieta") appeared telephonically through her counsel Greg Garrotto, Esq. Defendants Corrections Officer Angela Hansen ("Defendant Hansen" or "Officer Hansen") and Corrections Officer Priscilla Hightower ("Defendant Hightower" or "Officer Hightower") (collectively "Defendants") appeared telephonically through their counsel Deputy Attorney General Diana Esquivel, Esq.

**A.  Plaintiff's Motion In Limine**

As set forth on the record in open court, the ruling on Plaintiff's Motion in Limine ("MIL") (Doc. 33) is as follows: The Court GRANTS Plaintiff's MIL to the extent Plaintiff requests the exclusion of (1) the documents identified in Defendants' First Supplemental Initial Disclosures and Pretrial Disclosures and (2) the documents identified in Defendants' Second Supplemental Initial Disclosures and First Supplemental Pretrial Disclosures. The Court DENIES the remainder of Plaintiff's MIL.

**B.     Defendant's Motions in Limine**

As set forth on the record in open court, the rulings on Defendants' Motions in Limine ("MIL") (Doc. 34) are as follows:

1.     The Court GRANTS Defendants' MIL No. 1, (Doc. 34 at 1–2), to the extent Plaintiff or her witnesses seek to give scientific or medical opinions or interpret medical records that require expert testimony or specialized knowledge within the scope of Fed. R. Evid. 702. The Court DENIES the remainder of Defendants' MIL No. 1.

2.     The Court DEFERS ruling on Defendants' MIL No. 2, (Doc. 34 at 2–3), until trial.

3.     The Court DEFERS ruling on Defendants' MIL No. 3, (Doc. 34 at 3–5), until trial.

4.     The Court GRANTS Defendants' MIL No. 4, (Doc. 34 at 5–7), to the extent to the extent Plaintiff elicits evidence or argues at trial that Defendants were improperly or inadequately trained on unclothed body searches as a theory of liability. The Court DENIES the remainder of Defendants' MIL No. 4.

5.     The Court DEFERS ruling on Defendants' MIL No. 5, (Doc. 34 at 7–8), until trial.

6.     The Court DENIES Defendants' MIL No. 6, (Doc. 34 at 8), WITHOUT PREJUDICE AS MOOT.

7.     The Court DENIES Defendants' MIL No. 7, (Doc. 34 at 8–9), WITHOUT PREJUDICE AS MOOT.

8.     The Court DEFERS ruling on Defendants' MIL No. 8 (Doc. 34 at 9–14.) The parties are ORDERED to meet and confer in an effort to agree upon a stipulation as to the condition of the pants Plaintiff wore on June 18, 2016, the date of the incident (the "Pants"). By no later than 12:00 P.M. on October 26, 2017, the parties SHALL advise the Court as to whether they have stipulated to that issue. In the event that the parties are unable to stipulate, by no later than 12:00 P.M on October 27, 2017, Plaintiff, with the assistance of her counsel, is ORDERED to complete a diligent search for the Pants in the receptacles Plaintiff identified in her deposition taken April 5, 2017, *see* Doc. 34-2 at 105:25–108 (the "Receptacles"). Upon completion of such search of the Receptacles for the Pants, Plaintiff SHALL advise Defendants as to whether the Pants have been located, and, if so, produce the Pants to Defendants for inspection. (*See* Doc. 34-

2 at 105:25–108.)  If, after Plaintiff's search, the Pants have not been located, Plaintiff is ORDERED to make the Receptacles available to Defendants for inspection to conduct their own search for the Pants.

IT IS SO ORDERED.

Dated:  **October 25, 2017**                                  /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE